**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUBEN REYNOSA,<br><br>    Defendant.<br>_____/ | No. CR 98-0100 SI<br><br>**ORDER DENYING DEFENDANT REYNOSA'S MOTION FOR MODIFICATION OF SENTENCE** |

Currently before the Court is defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 599 of the Sentencing Guidelines. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

Defendant Ruben Reynosa was a co-defendant charged with multiple armed and unarmed bank robberies. Defendant was first charged by the government on May 13, 1998, in an eight-count indictment. On December 23, 1998, the United States filed a ten-count Superseding Information against defendant. The Superseding Information charged the following: three counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a) (Counts 1, 2, and 5); five counts of armed bank robbery and aiding and abetting, in violation of 18 U.S.C § 2113(a) and (d) (Counts 3, 4, 6, 7, and 8); one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 9); and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 10). On December 23, 1998, defendant pled guilty to all counts.

On May 11, 1999, this Court sentenced Reynosa to 181 months in prison for the armed and

unarmed bank robberies. The Court explicitly adopted the factual findings and guideline application in defendant's presentence report ("PSR"). Following the U.S. Sentencing Guidelines ("USSG"), Reynosa's PSR set out the following offense-level computations for each count:

**Counts 1, 2, and 5**
Base Offense Level:                              20
Theft from Financial Institution:                 2

**Count 3**
Base Offense Level:                              20
Theft from Financial Institution:                 2
Brandished, Displayed, or Possessed Firearm:      5

**Count 4**
Base Offense Level:                              20
Theft from Financial Institution:                 2
Used a Firearm:                                   6

**Count 6**
Base Offense Level:                              20
Theft from Financial Institution:                 2
Brandished, Displayed, or Possessed Firearm:      5
Physically Restrained a Person:                   2
Loss Exceeded $10,000:                            1

**Count 7**
Base Offense Level:                              20
Theft from Financial Institution:                 2
Brandished, Displayed, or Possessed Firearm:      5
Physically Restrained a Person:                   2
Loss Exceeded $50,000:                            2

**Count 8**[1]
Base Offense Level:                              20
Theft from Financial Institution:                 2
Physically Restrained a Person:                   2
Loss Exceeded $50,000:                            2

In computing the offense levels of Counts 3, 4, 6, 7 and 8, the PSR refers to USSG § 3D1.2, comment, note 4, and provides that "when one count charges a conspiracy and the other charges a substantive offense that was the sole object of the conspiracy, the counts will be grouped together under subsection (b)." PSR ¶¶ 43, 51, 67, 76, & 85. Accordingly, the PSR groups Count 10, the Conspiracy Count, with each of Counts 3, 4, 6, 7, and 8. For Count 9, the PSR suggests a mandatory minimum of

---

[1] The PSR did not add any points for using, brandishing, displaying, or possessing a firearm to Count 8, even though defendant did carry a firearm during the course of the robbery.

five years imprisonment to run consecutive to any other sentence imposed by the Court, as required by 18 U.S.C. § 924(c)(1). Referring to USSG § 2K2.4, comment, note 2, the PSR provides that "where a sentence under this section is imposed in conjunction with a sentence for an underlying offense (e.g., § 2B3.1-Robbery), any specific offense characteristic for the possession of a firearm is not to be applied in respect to the guideline for the underlying offense." PSR ¶ 93. Accordingly, because Count 9 relied on the bank robbery at issue in Count 8, the PSR did not add points to Count 8 for using, brandishing, displaying, or possessing a firearm. PSR ¶ 92.

Based on the PSR, the Court sentenced Reynosa to a term of 121 months as to Counts 1-8 and 10, to run concurrently, and 60 months as to Count 9, to run consecutively to the abovementioned Counts, for a total of 181 months.

## DISCUSSION

Defendant argues that according to Amendment 599 of USSG § 2K2.4, a weapon enhancement was improperly applied to his sentence, causing a double counting. Defendant therefore seeks to modify his imprisonment term. The government asserts that defendant's sentence was correctly calculated in 1998 and fulfills the express dictates of Amendment 599.

Impermissible double counting occurs when one part of the USSG is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the USSG. *See United States v. Romero*, 293 F.3d 1120, 1123 (9th Cir. 2002). Effective November 1, 2000, the Sentencing Commission adopted Amendment 599, an explicitly retroactive amendment that modified the guidelines applicable to § 924(c) offenses. *See* USSG § 2K2.4, cmt. n. 2 (2000); USSG § 1B1.10(a) & (c); *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). Amendment 599 was enacted "to *clarify* under what circumstances defendants sentenced for violations of 18 U.S.C. 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." USSG § 2K2.4, cmt. n. 2 (2000) (emphasis added); *see also United States v. Pringle*, 350 F.3d 1172, 1176 (11th Cir. 2003).

The amended application note states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense [i.e., armed robbery], do not apply any specific offense characteristic

3

> for possession, brandishing, use, or discharge of [a firearm] when determining the sentence for the underlying offense. A sentence under this guideline accounts for any . . . weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 . . . However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a *weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.*

USSG § 2K2.4, cmt. n. 2, amend. 599 (2000) (emphasis added). Thus, under Amendment 599, in relation to convictions for 18 U.S.C. §§ 2113(a) & (d) and 924(c), impermissible double counting occurs when a district court adds a weapon enhancement to a defendant's base offense level of the § 2113(a), (d) conviction, in addition to the five-year consecutive prison sentence for the § 924(c) conviction. *See United States v. Hickey*, 280 F.3d 65, 68 (1st Cir. 2002) (holding that because appellee did not receive an enhancement of his underlying offense when he was sentenced and his sentence under § 924(c) had nothing to do with any co-defendants' relevant conduct, Amendment 599 is inapplicable).

The Court agrees with the government that Amendment 599 has no impact on defendant's sentence because the Court did not apply a weapons enhancement to Count 8, the offense underlying the § 924(c) conviction. At defendant's sentencing hearing, the Court specifically did not apply the applicable weapon enhancement to Count 8 because the conduct of using the firearm was captured in his § 924(c) conviction under Count 9. The Court did impose a six-level upward adjustment on the offense level for Count 4 and a five-level upward adjustment on Counts 3, 6, and 7, but those counts related to different bank robberies that were not the offenses underlying the § 924(c) conviction. For this reason, application of Amendment 599 would not have affected the weapons enhancement for defendant's other counts. *See* USSG § 2K2.4, cmt. n. 2 (2000); *United States v. Park*, 167 F.3d 1258, 1261 (9th Cir. 1999).

In his reply, defendant argues that the conduct from all five armed robberies were part of the overall conspiracy charge itself, and the conspiracy charge was the basis of the § 924(c) count.[2] USSG

---

[2]Defendant also argues that the language of Amendment 599 is ambiguous, "especially when the conduct involving bank robberies has multiple robberies attached." Reply at 3. The Court does not find the language of Amendment 599 ambiguous. The Amendment clearly requires a weapon enhancement for the bank robberies which were not the basis for the 18 U.S.C. § 924(c) conviction. *See United States v. Hickey*, 280 F.3d 65, 69 n. 3 (1st Cir. 2002) ("Because the language of Amendment 599 is

4

§ 1B1.2(d) provides that a "conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." Application note 4 to USSG § 3D1.2(b) says, "[w]hen one count charges a conspiracy or solicitation, and the other charges a substantive offense that was the sole object of the conspiracy or solicitation, the counts will be grouped together under subsection (b)." USSG. § 3D1.2, cmt. n. 4 (2000). For example, when "[t]he defendant is convicted of one count of conspiracy to commit extortion and one count of extortion for the offense he conspired to commit . . . [t]he counts are to be grouped together." *Id.*

Applied to Reynosa, this means that, for grouping purposes, his conspiracy conviction should be treated as five separate conspiracy convictions, one for each of the five overt acts of armed bank robbery. As mentioned above, the conspiracy charge was grouped with each of Counts 3, 4, 6, 7, and 8. Furthermore, the conspiracy charge was not the basis of the § 924(c) charge, but rather Count 8 was the basis of the § 924(c) charge. Therefore, impermissible double counting did not occur in this case and defendant's consecutive sentences did not implicate Amendment 599.[3] Accordingly, the Court DENIES defendant's motion.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion for modification of his sentence [Docket No. 128].

**IT IS SO ORDERED.**

Dated: April 14, 2008

SUSAN ILLSTON
United States District Judge

---

unambiguous, we do not consider appellee's request to apply the rule of lenity.").

[3] Defendant further argues in his reply brief that his armed robbery counts all amount to double counting because he was sentenced for both *armed* robbery and also given an enhancement for brandishing, displaying, or possessing a firearm. This argument fails because the base offense level for *armed* and *unarmed* bank robbery is the same (i.e., base offense level of 20). That is, adding a firearm enhancement to the armed robbery counts did not impermissibly increase defendant's sentence because the firearms were accounted for only with regard to the enhancement, not the base offense level.

5